IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 02-20069(G)Ma |
| JOSEPH F. BOLKA, III, | ) | |
| Defendant. | ) | |

ORDER GRANTING MOTION TO AMEND 18 U.S.C. § 3582 MOTION
AND
ORDER DENYING MOTION PURSUANT TO 18 U.S.C. § 3582

On July 19, 2004, defendant Jospeh F. Bolka, III, Bureau of Prisons registration number 18176-076, an inmate at the Federal Prison Camp ("FPC") in Millington, filed a motion in his closed criminal case styled as a motion pursuant to 18 U.S.C. § 3582. On March 10, 2005, Bolkas filed a motion to amend his pending motion. The motion to amend is GRANTED.

On March 19, 2002, a federal grand jury charged Bolka with five counts of possession of methamphetamine with intent to distribute and one count of manufacturing methamphetamine, in violation of 21 U.S.C. § 841(a)(1). On May 3, 2002, Bolka pled guilty as charged under a plea agreement which provided that the United States would recommend that he receive credit for acceptance of responsiblity under United States Sentencing Guidelines ("USSG") § 3E1.1, that he be sentenced at the lowest end of the applicable guideline range, and that his base offense level be set at 26 for

between 50 and 200 grams of a mixture and substance containing methamphetamine. On September 6, 2002, the Court held a sentencing hearing, granted the government's USSG 5K1.1. motion, and sentenced Bolka to sixty months imprisonment. The Court entered its judgment on September 10, 2002. Bolka appealed, contending that the Court erred in denying his motion for a sentencing reduction under USSG § 5C1.2(a). The Sixth Circuit Court of appeals affirmed Bolka's sentence. United States v. Bolka, No. 02-6168, 355 F.3d 909 (6th Cir. Jan. 22, 2004).

On July 19, 2003, Bolka filed this motion under 18 U.S.C. § 3582(c) alleging that he is entitled to be resentenced based upon the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004). On March 10, 2005, Bolka filed a motion to amend his pending § 3582 motion, alleging that he is entitled to a sentence modification under the Supreme Court decision of United States v. Booker, 125 S. Ct. 738, 755-56 (Jan. 12, 2005). The motion to amend is GRANTED.

Bolka raises these claims in his closed criminal case, rather than presenting them in a motion to vacate under 28 U.S.C. § 2255. Bolka apparently recognizes that rules of constitutional criminal procedure are generally not applied to cases on collateral review. Teague v. Lane, 489 U.S. 288 (1989). Although the Supreme Court determined that its holding in Blakely applies to the Sentencing Guidelines, the Court also expressly stated that its holding must be applied to all cases on direct review. Booker, 125 S. Ct. at 769 (citing Griffith v. Kentucky, 479 U.S. 314, 328 (1987)("[A] new

2

rule for the conduct of criminal prosecutions is to be applied retroactively to all cases . . . pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past")).

The Sixth Circuit determined in <u>Humphress v. United States</u>, 398 F.3d 855 (Feb. 25, 2005), that the rule of <u>Booker</u> does not fall within the second exception of <u>Teague</u>. <u>Id.</u> at 863(noting that the Supreme Court has never held that a new rule of criminal procedure falls with the second exception of <u>Teague</u>). Thus, the Sixth Circuit concluded that the rule of <u>Booker</u> does not apply retroactively in collateral proceedings. <u>Humphress</u>, 398 F.3d at 860.

Although Bolka raises these issues in his criminal case, the Sentencing Reform Act of 1984 places strict limits on a court's power to modify a federal sentence. Eighteen U.S.C. § 3582(c) governs modification of an imposed term of imprisonment and states as follows:

> The Court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-
>
> > (I) extraordinary and compelling reasons warrant such a reduction;
> >
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section

3

        3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

None of the provisions of 18 U.S.C. § 3582(c) is applicable here. The Director of the BOP has not moved for a reduction of the defendant's sentence pursuant to § 3582(c)(1)(A). Neither Fed. R. Crim. P. 35 nor any federal statute authorizes the Court to modify Bolka's sentence pursuant to § 3582(c)(1)(B). Finally, the Sentencing Commission has not lowered the applicable Sentencing Range pursuant to 28 U.S.C. § 994(o), so as to bring this case within § 3582(c)(2).

For all the foregoing reasons, defendant's motion for modification of his sentence pursuant to 18 U.S.C. § 3582(c) is DENIED.

As no reasonable jurist could disagree that this court is without jurisdiction to modify defendant's sentence, it is CERTIFIED, pursuant to Fed. R. App. 24(a) that any appeal in this matter by defendant, proceeding *in forma pauperis*, is not taken in good faith.

IT IS SO ORDERED this 17th day of November, 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 59 in case 2:02-CR-20069 was distributed by fax, mail, or direct printing on November 21, 2005 to the parties listed.

---

Joseph F. Bolka
FPC-MILLINGTON
18176-076
P.O. Box 2000
Millington, TN 38083--200

Thomas A. Colthurst
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT